# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTEN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | Chapter 7 |
| CHERYLL C. CORPUZ, | Case No. 20-10757 (ELF) |
| Debtor. | |
| LAW OFFICES OF MANUELA MORAIS, LLC, | Adversary No. |
| Plaintiff, | |
| v. | |
| CHERYLL C. CORPUZ, | |
| Defendant. | |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
## PURSUANT TO 11 U.S.C. §523

Plaintiff, Law Offices of Manuela Morais, LLC, by its undersigned counsel, hereby files this Complaint pursuant to Federal Rule of Bankruptcy Procedure 4007, to object to the dischargeability of certain debt owed to Law Offices of Manuela Morais, LLC, pursuant to 11 U.S.C. §523(a)(2)(A), (a)(4) and (a)(6), and in support thereof avers the following:

## PARTIES

1. Plaintiff is Law Office of Manuela Morais, LLC ("Morais LLC"), a New Jersey limited liability company having an office and principal place of business at 101 West Main Street, Suite 101, Moorestown, New Jersey 08057.

2. Defendant is Cherylle C. Corpuz ("Corpuz" or "Debtor"), an adult individual residing at 736 Medina Street, Philadelphia, Pennsylvania 19147.

3. On February 5, 2020 (the "Petition Date"), Corpuz filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the Eastern District of Pennsylvania, case number 20-10757 (ELF).

## JURISDICTION AND VENUE

4. This adversary proceeding is commenced pursuant to Rules 4007 and 7001, *et seq*. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and §1334, and 11 U.S.C. §523.

6. This matter is a core proceeding as defined by 28 U.S.C. §157(b)(2)(I).

7. Venue in this Court is proper pursuant to 28 U.S.C. §1409 as this adversary proceeding arises under and in connection with a case under Title 11 pending in this District.

## FACTUAL BACKGROUND

8. At all times relevant hereto Corpuz was a seasoned immigration attorney, licensed to practice law in the Commonwealth of Pennsylvania.

9. On or about January 4, 2019, Morais LLC and Corpuz entered into an Employment Agreement ("Agreement") pursuant to which Corpuz was hired as an attorney to perform legal services on behalf of Morais LLC's clients. A true and correct copy of the Agreement is attached hereto and made a part hereof as Exhibit "A".

10. During the discussions leading up to Corpuz being offered a position with Morais LLC, Corpuz provided a list of clients who she indicated she would bring to Morais LLC, which list reflected revenue of $209,500 she anticipated would be earned by Morais LLC over an 8 to 12 month period.

11. Corpuz's employment was to commence on or prior to February 1, 2019, and Corpuz was to receive a salary of $150,000 per year and 10% of the legal fees paid to Morais

LLC on matters originated by Corpuz. In addition, she was to receive health insurance from the date of hire.

12. Under the Agreement, Corpuz was prohibited from performing services on behalf of any other law firm or on matters not assigned by Morais LLC.

13. Morais LLC provided Corpuz with professional liability coverage.

14. Pursuant to ¶7 of the Agreement, Corpuz agreed to:

> <u>Legal Services</u>. Except with the Firm's advance consent, you will not provide legal or other services on a similar independent Attorney Associate or of counsel basis to any other law firm, and you will not provide legal or other services on behalf of the Firm to Firm clients other than matters assigned to you by the Firm.

15. Pursuant to ¶8 of the Agreement, Corpuz also agreed that during any time that she would be working on client matters for Morais LLC, she would let Morais LLC know about any other clients for whom she may be providing services so that Morais LLC could be assured there is no conflict or concern with Corpuz working on matters on which she was engaged.

16. Prior to Corpuz commencing employment with Morais LLC, she was an attorney employed by the firm Reger, Rizzo & Darnall LLP (the "Reger Firm") located at Cira Centre, 13th Floor, 2929 Arch Street, Philadelphia, Pennsylvania 19104.

17. At the time Corpuz left the Reger Firm, Corpuz had the Reger Firm – with that firm's and Morais LLC's approval – send letters to certain of their clients whose matters Corpuz had been working on to advise them that Corpuz was leaving the Reger Firm to join Morais LLC and that the client had the right to select whether to remain with the Reger Firm, allow Morais LLC to undertake the representation, or select another attorney to handle their matter.

3

18. Sixty-three (63) clients, some having multiple matters, elected to have their file(s) transferred to Morais LLC by signing a request for release and providing same to Louis J. Rizzo, Esquire, Managing Partner of the Reger Firm.

19. Corpuz was supposed to make arrangements for the files of these 63 clients to be transferred.

20. Unbeknownst to Morais LLC, Corpuz had started or resumed her own law firm, Corpuz Law Group, and on or about February 21, 2019, a paralegal who worked closely with Corpuz at the Reger Firm, Dominique Jackson, terminated her employment as a paralegal with the Reger Firm and began working for Corpuz and the Corpuz Law Group.

21. In furtherance of a scheme devised by Corpuz and Jackson, and as later learned by Morais LLC, Corpuz and Jackson reviewed the list of the Reger Firm clients that had opted to be represented by Morais LLC to determine "where the money is and how much" so that Corpuz could retain those clients for her law firm and commence paying Jackson's salary.

22. Further unbeknownst to Morais LLC, at the same time as Corpuz began her employment with Morais LLC, she purchased a general commercial insurance policy issued by Travelers Casualty Insurance Company of America in the name of Cherylle C. Corpuz, Esquire, Inc., PC located at 1308 & 1310 S. 8th Street, Philadelphia, Pennsylvania.

23. Immediately thereafter and continuing until Morais LLC terminated Corpuz's employment, Corpuz, aided and abetted by Jackson, systematically undertook representation of clients and collected fees in the name of Corpuz Law Group and not on behalf of Morais LLC as she was contractually obligated to do.

24. Despite Morais LLC's repeated inquiries about receipt by Corpuz of engagement letters from former Reger Firm clients who had chosen to be represented by Morais LLC and

4

who had agreed to release their files to Corpuz at the Law Office of Manuela Morais, LLC, Corpuz, with the exception of 10 clients, never provided Morais LLC with signed engagement letters from the other 53 clients.

25. It was not until June 20, 2019 – four months after her start of employment at Morais LLC – that Morais LLC discovered that Corpuz was simultaneously operating her own law practice, spending time on non-Morais LLC matters, and diverting existing and prospective Morais LLC clients to other attorneys rather than diligently working Morais LLC's clients' matters as she was employed to do.

26. Upon discovery of Corpuz's duplicity, on June 20, 2019, Morais LLC advised Corpuz that her employment with Morais LLC was terminated effective immediately.

27. Morais LLC instructed Corpuz to return all files she removed from Morais LLC's office and those files she had received from the Reger Firm. She was further instructed to remit all funds that either she or Jackson collected from clients that were or should have been clients of Morais LLC and for fees paid for work performed while Corpuz was employed by and receiving paychecks from Morais LLC.

28. Corpuz provided Morais LLC with a list claimed by her to contain the clients and fees she took and received; however, the list was incomplete. Despite the passage of eleven (11) months, a full and accurate reporting of the fees Corpuz received, the files Corpuz took and, moreover, the work status of the files that Corpuz and Jackson worked on, still has not been provided.

29. On July 19, 2019, Morais LLC filed a complaint against Corpuz, Corpuz Law Group and Jackson in the Superior Court of New Jersey, Burlington County, Law Division, asserting claims against Corpuz for breach of contract, breach of an employee's duty of

undivided loyalty to its employer and tortious interference with contract, seeking, among other things, disgorgement of salary Morais LLC paid to Corpuz, compensatory damages, punitive damages, attorneys' fees and costs of suit (the "State Court Action").

30. Prior to the final adjudication of the State Court Action, Corpuz filed the Petition and, on February 10, 2020, she was dismissed without prejudice from the State Court Action.

## COUNT I
### (11 U.S.C. § 523(a)(2)(A))

31. Morais LLC incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth in their entirety.

32. In connection with the execution of the Agreement and her employment by Morais LLC, Corpuz represented to Morais LLC, among other things, that (a) she would bring to Morais LLC clients from whom revenues were anticipated to exceeded $200,000.00 over an 8-12 month period, (b) she would obtain engagement letters from, and bring to Morais LLC, those 63 clients of the Reger Firm that elected to have their matters transferred to Morais LLC, (c) she would not provide legal services on behalf of any other law firm without first obtaining the consent of Morais LLC, and (d) she would not provide legal services to clients of Morais LLC other than matters assigned to her by Morais LLC, with knowledge of the falsity of each of her representations.

33. Corpuz made these false representations of fact while concealing her true intention, which was to conduct her own law practice through the Corpuz Law Goup with the most profitable clients of the Reger Firm who elected to have their matters transferred to Morais LLC, while using Morais LLC to provide her with the financial resources (*i.e.*, salary and benefits) she needed to get her law firm up and running, with knowledge of the falsity of those

representations, and with the keen understanding that Morais LLC would justifiably rely on these representations.

34. Corpuz made such false representations to Morais LLC under false pretenses, with the intent to deceive Morais LLC and to induce Morais LLC to hire her and pay her a salary and benefits while she engaged in working on her own behalf and that of Corpuz Law Group.

35. Morais LLC reasonably believed such false representations to be true, was deceived thereby, and acted in reasonable and justifiable reliance upon such false representations when it hired Corpuz and paid her a salary and benefits commencing in February, 2019.

36. As a direct result of the false representations made by Corpuz, Morais LLC was damaged by its reasonable and justifiable reliance on the false representations made by Corpuz in that Morais LLC was denied the opportunity to provide legal services for (and to be paid by) nearly all of the former Reger Firm clients that elected to be transferred to Morais LLC but who were diverted by Corpuz. Additionally, Morais LLC had to return fees paid to Morais LLC by clients whose work was not performed in a timely manner by Corpuz, lost clients relating to Corpuz's lack of diligence in pursuing her work as she was employed to do, and incurred marketing expenses related to Corpuz's employment.

37. Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge any debt owed by an individual debtor "for money, property, services or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud…."

38. The debt owed by Corpuz to Morais LLC should be excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

WHEREFORE, Plaintiff, Law Offices of Manuela Morais LLC respectfully requests that this Court enter judgment in its favor and except from discharge the obligations owed by the Debtor, Cherylle C. Corpuz, to Law Offices of Manuel Morais LLC pursuant to 11 U.S.C. §523(a)(2)(A) in an amount in excess of $75,000, and all other amounts provided for under the Agreement and as permitted by law, and such other and further relief as this Court deems just and fair.

### COUNT II
### (11.S.C. § 523(a)(4))

39. Morais LLC incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth in their entirety.

40. Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt owed by an individual debtor "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny".

41. For purposes of determining the dischargeability of a debt, embezzlement has been defined as (1) the appropriation of funds for the debtor's own benefit by fraudulent intent or deceit; (2) the deposit of the resulting funds in an account accessible only to the debtor; and (3) the disbursal or use of those funds without explanation or reason or purpose. *In re Bryant*, 147 B.R. 507 (Bankr. W.D. Mo. 1992).

42. For purposes of determining the dischargeability of a debt, larceny has been defined as "the fraudulent and wrongful taking and carrying away of the property of another with the intent to convert such property to the taker's use without the consent of the owner." *In re Clayton*, 198 B.R. 878 (Bankr. E.D. Pa. 1996).

43. Notwithstanding that 63 clients signed a release permitting the Reger Firm to turn over their files to Corpuz at Morais LLC, Corpuz caused nearly all of the clients – 53 – to engage Corpuz Law Group rather than Morais LLC.

44. Upon information and belief, Corpuz provided legal services to these diverted clients while she was supposedly working for Morais LLC and issued invoices to the diverted clients for payment of those legal services.

45. Corpuz and Jackson collected legal fees belonging to Morais LLC and remitted them to Corpuz and/or Corpuz Law Group.

46. Corpuz appropriated the legal fees for her own benefit, deposited the funds in accounts accessible only to her and thereafter disbursed the legal fees for her own personal use without lawful reason or purpose.

47. Corpuz had no lawful right to take the legal fees, and she had the specific fraudulent intent to permanently and unlawfully convert the legal fees to her use without the consent of Morais LLC.

48. The acts or omissions on the part of Corpuz, as detailed herein, constitute embezzlement or, in the alternative, larceny of the legal fees that should have, instead, been paid to Morais LLC.

49. The debt owed by Corpuz to Morais LLC should be excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

WHEREFORE, Plaintiff, Law Offices of Manuela Morais LLC respectfully requests that this Court enter judgment in its favor and except from discharge the obligations owed by the Debtor, Cherylle C. Corpuz, to Law Offices of Manuel Morais LLC pursuant to 11 U.S.C. §523(a)(4) in an amount in excess of $75,000, and all other amounts provided for under the

9

Agreement and as permitted by law, and such other and further relief as this Court deems just and fair.

## COUNT IV
## (11.S.C. § 523(a)(6))

50. Morais LLC incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth in their entirety.

51. At all times pertinent hereto, Corpuz willfully and maliciously provided false and misleading information, or deliberately omitted material information, to Morais LLC regarding her employment by Morais LLC, her revenue-generating clients and her obtaining engagement letters from 63 former Reger Firm clients who signed releases permitting the Reger Firm to turn over their files to Corpuz at Morais LLC, when Corpuz's true intention, all along, was to form her own law firm with the most profitable clients of the Reger Firm who elected to have their matters transferred to Corpuz at Morais LLC, while using Morais LLC to provide her with the financial resources (*i.e.*, salary and benefits) she needed to conduct her own law firm.

52. Corpuz planned and schemed alone and, upon information and belief, with Jackson, to divert financially lucrative clients and matters away from Morais LLC and to Corpuz Law Group, and Corpuz knew or should have known that that she was misleading Morais LLC to believe that 63 signed engagement letters from former Reger Firm clients would be forthcoming, that she would work solely for Morais LLC and that she would work solely on matters assigned to her by Morais LLC.

53. Corpuz knew or should have known that, despite signing the Agreement, she would not work solely for Morais LLC, would not work solely on matters assigned by Morais LLC, and she would not obtain signed engagement letters from all of the 63 former Reger Firm

clients who signed releases permitting the Reger Firm to turn over their filed to Corpuz at Morais LLC.

54. Corpuz provided the false and misleading information to Morais LLC with the intent and purpose of injuring Morais LLC and of depriving Morais LLC of the benefit of the Agreement and of the engagement of 63 clients from the Reger Firm.

55. Corpuz knew or should have known that Morais LLC would rely upon the false representations made by her to the detriment of Morais LLC.

56. Corpuz knew or should have known that her conduct would result in injury to Morais LLC; such conduct by Corpuz was without excuse.

57. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debt owed by an individual debtor "for willful and malicious injury by the debtor to another entity…."

58. As a direct result of the false, fraudulent and misleading information provided by Corpuz to Morais LLC, Morais LLC has sustained damages in the amount of no less than $75,000.

59. The debt owed by Corpuz to Morais LLC should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

WHEREFORE, Plaintiff, Law Office of Manuela Morais, LLC, respectfully requests that this Court enter judgment in its favor and except from discharge the obligations owed by the Debtor, Cherylle C. Corpuz, to Law Offices of Manuela Morais, LLC pursuant to 11 U.S.C. §523(a)(6) in the amount of $75,000, and all other amounts provided for under the Agreement and as permitted by law, and such other and further relief as this Court deems just and fair.

Dated: May 22, 2020	WEIR & PARTNERS LLP
	A Pennsylvania Limited Liability Company


	By: /s/*Steven E. Angstreich*
	Steven E. Angstreich, Esquire
	20 Brace Road, Suite 200
	Cherry Hill, New Jersey 08034
	Tel: (856) 740-1490
	Fax: (856) 740-1491
	E-mail: sangstreich@weirpartners.com
	*Attorneys for Plaintiff*

# EXHIBIT "A"